UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

   v.

                                          Case No. 07-20400

EDWARD GALLAGHER,                Honorable Julian Abele Cook, Jr.

        Defendant.


ORDER

On July 12, 2011, the Petitioner, Edward Gallagher, pled guilty to using a communication facility to facilitate the commission of a controlled substance offense, in violation of 21 U.S.C. § 843(d). On November 29, 2011, he was sentenced to a term of imprisonment of 40 months. Currently before the court are his (1) request for post-conviction relief pursuant to 28 U.S.C. § 2255 on the ground that his attorney rendered ineffective assistance during his sentencing hearing, and (2) motion to correct the record and for other relief.

I.

This case presents a somewhat unusual procedural history. Gallagher initially entered a guilty plea on June 17, 2009 to the charge of distribution of methamphetamine, in violation of 21 U.S.C. § 841 (a)(1). The Rule 11 Plea Agreement calculated a guideline range of 108 to 135 months, with a statutory minimum sentence of 120 months based on the quantity of methamphetamine (600 grams). This 120-month minimum sentence was considered by both parties to overstate Gallagher's culpability, but the parties reached an understanding that Gallagher would qualify for a "safety valve" exception which would permit the Court to impose a sentence lower than the statutory

minimum. However, during his review of the case, the Probation Officer determined that (1) Gallagher possessed a firearm during one of the relevant drug transactions and (2) as a result, the imposition of a firearm sentencing enhancement was appropriate.[1] This enhancement prevented Gallagher from taking advantage of any "safety valve" exception. At a hearing on March 29, 2011, Gallagher was allowed to withdraw his guilty plea in order to re-negotiate a more appropriate agreement with the Government.

On July 12, 2011, Gallagher tendered a new plea of guilty to a one-count superseding information that dropped the count of methamphetamine distribution and instead charged him with using a communication facility to facilitate the commission of a controlled substance offense, in violation of 21 U.S.C. § 843(d). This plea agreement included the sentencing enhancement for the possession of a firearm. On November 29, 2011, Gallagher was sentenced to a term of incarceration of forty months. In June and July 2012, he filed motions that sought to amend and correct the presentence investigation report. Gallagher contended that the report erroneously indicated that (1) his last use of illegal drugs occurred in 2004, when - according to him - the correct date is 2006; and (2) he had an involvement with a firearm during a drug transaction. These alleged errors prevented him from participating in a residential drug abuse program, which could entitle him to a reduced sentence upon completion.

On August 31, 2012, his motions were denied by the Court. The Court noted that Gallagher affirmed under oath that he had read the pre-sentence report, that he had no corrections to make, and that the report was accurate. On September 24, 2012 ,Gallagher filed a petition for post-conviction

---

[1]The presentence investigation report notes that on September 20, 2004, while discussing a drug transaction, Gallagher showed a confidential informant a firearm and asked about getting another firearm that was not registered. (Revised Presentence Report ¶ 17, at 8).

relief. On June 19, 2013, he filed a motion to correct the record and for other relief.

## II.

The Court will first address Gallagher's § 2255 motion. Every federal prisoner who challenges his sentence under 28 U.S.C. § 2255 must establish "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If such a violation is found to exist, a petitioner may ask the court to vacate, set aside, or correct the sentence. *Id.* A petitioner's burden in seeking such relief depends upon the type of error alleged. If he claims a harm due to a constitutional error, the aggrieved party must "establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). On the other hand, if the alleged error is non-constitutional, the petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (citation and internal quotation marks omitted).  If a sentencing error "did not affect the district court's selection of the sentence imposed," it is considered to be "harmless" and re-sentencing should be denied. *See United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2010).

## III.

In his § 2255 motion to , Gallagher contends that his attorney provided ineffective assistance during sentencing by failing to (1) insure that the Government fulfilled its promise to suppress from his pre-sentence investigation report any evidence relating to his possession of a firearm during a

3

drug transaction; (2) object to an erroneous date provided in the pre-sentence report as the last year in which Gallagher used drugs; and (3) ask for a sentence of probation after the Government asserted that it would not object to such a request.

In order to prevail on such a claim, Gallagher must establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) this deficient performance caused him to suffer prejudice resulting in an unreliable or fundamentally unfair outcome in the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There exists "a strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id.* at 689.

Gallagher first contends that his trial counsel failed to insure that the Government met its contractual promise to suppress any reference to a firearm in his pre-sentence investigation report. He does not contend that this failure affected the length of his sentence. Indeed, the sentence recommended by the sentencing guidelines was many months greater than the statutory maximum for the charged offense. As the length of the sentence was capped by a forty-eight month maximum, the additional time added as a result of the firearm enhancement did not influence the term of imprisonment issued by the Court. Rather, Gallagher contends that the inclusion of the firearms reference prevents him from entering the residential drug treatment program, which offers the opportunity for a reduction in his sentence upon completion.

While Gallagher contends that the Government orally promised to suppress evidence of a firearm, the parties' agreement does not reflect such a promise. In fact, the Rule 11 Plea Agreement signed by the parties contains a sentencing enhancement that reflects Gallagher's possession of the firearm. Gallagher signed this Agreement underneath language which affirms the following "By signing below, Defendant acknowledges that he has read (or been read) this entire document,

4

understands it, and agrees to its terms." The Agreement also states the following:

> This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

(Plea Agreement ¶ 8, at 8, ECF No. 378). Thus, Gallagher's contention that the Government breached its contract is unavailing. The Sixth Circuit has held that "[a]n integration clause normally prevents a criminal defendant, who has entered into a plea agreement, from asserting that the government made oral promises to him not contained in the plea agreement itself." *United States v. Hunt*, 205 F.3d 931, 936 (6th Cir. 2000); *see also United States v. Hronek*, 95 F. App'x 827, 829 (6th Cir. 2004) (unpublished); *Owens v. United States*, No. 06-cv-123, 2007 WL 1041121, at *7 (W.D. Mich. Apr. 4, 2007) ("The Sixth Circuit has repeatedly held that a defendant's claim of a secret agreement, not reflected in the plea agreement or at a carefully conducted guilty plea hearing, is subject to summary dismissal and cannot form the basis for section 2255 relief.").

Gallagher faces an additional hurdle in establishing his claim because at his sentencing hearing, he stated under oath that (1) he was given a chance to review the pre-sentence report, (2) the content of the report was accurate, and (3) he did not have any corrections to make. When a petitioner testifies that a pre-sentence report is accurate, courts have held that a lawyer's failure to object to its contents does not constitute ineffective assistance of counsel. *United States v. Woodard*, No. 1:08-CR-191, 2012 WL 4867415 (W.D. Mich. Oct. 15, 2012); *United States v. Glover*, No. 04-CR-80963-8, 2009 WL 1393390 (E.D. Mich. May 15, 2009). Even if Gallagher had failed to read

5

the report prior to the hearing, he was provided verbal notice during the hearing that mention of the firearm had not been removed. During imposition of the sentence, the Court expressly noted that, as determined by the Probation Department, the base offense level was enhanced because Gallagher possessed a dangerous weapon. Gallagher did not object to this finding.

Gallagher next contends that the pre-sentence investigation report inaccurately states that the last year in which he used drugs was 2004 when in reality it was 2006. Notably, Gallagher does not state in any of his affidavits that he informed his attorney of this error. Rather, Gallagher asserts that he "inadvertently failed to focus on the 2004 reference that should have read 2006." (Gallagher Supplemental. Aff., ¶ 4). He states that he "advised probation that the final year of [his] drug use was 2006," but he does not mention that he so advised his attorney. *Id.* In fact, there is no evidence in the record which indicates that he ever informed his attorney of the alleged error. As noted above, Gallagher stated on the record and under oath that the information contained in his pre-sentence report is accurate. Counsel's performance cannot be said to be deficient for failing to object to any errors of which he was never informed and to which his client did not object.

Finally, Gallagher contends that his attorney rendered ineffective assistance by failing to request a sentence of probation after the Government allegedly stated that it would not object to such a request. The Government vigorously denies that any such statement was made, but Gallagher has produced several affidavits from alleged witnesses to the conversation who testify that the Government did indeed make such a promise. Notwithstanding this evidence, Gallagher's claim must fail because he cannot demonstrate that his attorney's failure caused him prejudice.

First, although available, probation was not authorized by the guidelines. Gallagher has not presented any plausible argument that his attorney should have made to support a request for a

6

sentence of probation. Second, the Court would not have considered an argument for a sentence of probation. The only co-defendants who were sentenced to a term of probation were those who were charged with simple possession and had guideline ranges of zero to six months. By contrast, the sentencing guidelines recommended a sentence in Gallagher's case of 108 to 135 months. He was simply not in the same category as co-defendants who were offered a sentence of probation.

As a further example, the co-defendants who pled guilty to charges analogous to those faced by Gallagher were both sentenced to terms of imprisonment. For example, Michael Radke pled guilty to distributing 3 ounces of cocaine. The sentencing guidelines recommended a term of imprisonment of 12 to 18 months, and he received a sentence of 12 months and one day. Kim Galaviz pled guilty to distribution of approximately 124 grams of cocaine. The sentencing guidelines recommended a term of imprisonment of 30 to 37 months, and she received a sentence of 24 months. In Gallagher's case, he was initially charged with the distribution of approximately 600 grams of methamphetamine. Even without the sentence enhancement for firearms, the sentencing guidelines recommended a sentence of 87 to 108 months. As Gallagher was responsible for a much higher quantity of drugs, it is inconceivable that he would receive a sentence of probation.

Finally, both defense counsel and the Government provided the Court with a great deal of mitigating information, which was taken into account by the Court when deciding upon a sentence of 40 months. For example, the Government acknowledged to the Court that Gallagher was not involved in the violent conduct that many of his co-defendants were charged with and that the guideline range overstated Gallagher's role in the overall indictment conduct. In addition, the Court noted that Gallagher's age and his physical condition weighed in favor of a reduced sentence. Yet even considering these mitigating circumstances, the Court imposed a term of imprisonment of forty

months. Given the quantity of drugs for which he was responsible and the sentences issued to co-defendants for the distribution of a lesser quantity of drugs, the Court would not have issued a sentence of probation, and Gallagher has not proffered any argument that he believes his counsel could have made to alter that conclusion. As Gallagher has not offered any evidence to support a contention that his attorney's failure to request a sentence of probation affected the outcome of his sentencing hearing, he has not established that he suffered prejudice from this failure. *Strickland*, 466 U.S. at 691-92.

## IV.

Gallagher's pending motion to correct the record and for other relief is almost identical to two prior motions to amend and correct the pre-sentence investigation report that were filed on June 27, 2012 and July 17, 2012. In an Order dated August 31, 2012, the Court determined that those claims lacked merit. As this motion raises no new facts or legal arguments, the Court will decline to revisit these issues. As a result, Gallagher's motion to correct the record and for other relief is denied.

## V.

For the reasons that have been set forth above, the Court denies Gallagher's motion for to vacate his sentence (ECF No. 400) and motion to correct the record and for other relief (ECF No. 407).

IT IS SO ORDERED.

Date: November 15, 2013                    s/Julian Abele Cook, Jr.

8

JULIAN ABELE COOK, JR.
U.S. District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 15, 2013.

s/ Kay Doaks
Case Manager